## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

**SWIVEL RENTAL & SUPPLY, LLC**      **CASE NO. 6:18-CV-1141**

**VERSUS**      **JUDGE JUNEAU**

**PETRO PULL, LLC, ET AL.**      **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is the Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 23] filed by plaintiff Swivel Rental & Supply, LLC ("Swivel Rental"). The motion is opposed by defendants Petro Pull, LLC, Bacchus Lifting, LLC, Bowls, Slips & Grips, LLC, d/b/a BS&G Rentals, LLC, Dow Drobish, and Jason Bellard (collectively, "defendants") [Doc. 27], and Swivel Rental filed a Reply Brief [Doc. 30]. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED IN PART AND DENIED IN PART.

### FACTUAL AND PROCEDURAL BACKGROUND

This patent infringement lawsuit was filed by Swivel Rental against defendants for alleged patent infringement of two of Swivel Rental's patents: (1) U.S. Patent No.9,650,841 ("the '841 Patent"), and (2) U.S. Patent No. 9,938,778

("the '778 Patent"), both relating to a device designed and used by Swivel Rental as a Support Apparatus for Supporting Down Hole Rotary Tools. To its complaint, Swivel Rental attached copies of the '841 Patent and '778 Patent, as well as a "Claims Chart" which outlines the bases of defendants' alleged infringement [Rec. Doc.1-1]. In its Answer to the Complaint, defendants asserted, *inter alia*, three counterclaims, two which are the subject of the instant motion. The counterclaims at issue in the instant motion are the defendant' counterclaim alleging patent invalidity, and its counterclaim for unfair and deceptive trade practices.

On October 25, 2018 plaintiff filed a motion to dismiss, seeking dismissal of defendants' First Counterclaim (Patent Invalidity) and Third Counterclaim (Unfair and Deceptive Trade Practices) for failure to state a claim upon which relief could be granted on grounds that each these counterclaims fails to provide the factual allegations necessary to meet the pleading requirements. Furthermore, plaintiff argued defendants' state law tort claim was partially preempted by federal patent law and, based on information and belief, was prescribed.

Several weeks after the motion was filed, the defendants filed a First Amended and Supplemental Counterclaim [Doc. 13], and thereafter opposed the motion to dismiss on grounds it had amended its counterclaims to correct the deficiencies noted by the plaintiff in its motion [Doc. 14]. However, in its Reply

2

brief, the plaintiff argued the defendants had not cured all deficiencies of the initial pleadings in their amending complaint [Doc. 17]. Inasmuch as the defendants had amended their counterclaims after the plaintiff filed its motion to dismiss, and it was apparent that the briefing before the Court was insufficient to address the specific issues raised by the plaintiff in its motion, the undersigned denied the motion to dismiss, with full reservation of the plaintiff's right to re-file its motion to address the specific deficiencies it argued remained in the defendants' amending complaint.

The plaintiff filed the instant, renewed motion to dismiss on February 19, 2019, seeking to dismiss the defendants' patent invalidity counterclaims asserted under 35 U.S.C. §§101, 102, 103, and 112, as well as the LUTPA counterclaim, on grounds the defendants fail to state a claim. The defendants have responded, and the matter is now ripe for review.

### *Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009 ;) *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

*Analysis*

To be clear, what is at issue in the instant motion is plaintiff's motion to dismiss <u>two of the three</u> counterclaims asserted by the defendants. The three counterclaims alleged are as follows: (1) patent invalidity; (2) non-infringement; and (3) unfair trade and deceptive trade practices. Notably, the defendants seek to dismiss only the first and third counterclaims, that is, the counterclaims alleging patent invalidity and unfair trade and deceptive trade practices. The undersigned will address each counterclaim in turn.

1. **Patent invalidity**

Defendant's amended counterclaim for patent invalidity is premised on two different theories. The first theory is patent invalidity premised on 25 U.S.C. §§101 ("new and useful"),[1] 102 ("novel"),[2] 103 ("non-obvious"),[3] and 112 (failure

---

[1] Section 101 states:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. §101.

[2] Section 102 states:

> (a) Novelty; Prior Art.--A person shall be entitled to a patent unless--
>
> (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; or
>
> (2) the claimed invention was described in a patent issued under section 151, or in

5

to comply with written requirements of the specification of the patent),[4] while the second theory is patent invalidity premised on 25 U.S.C. §132 (improper "new matter").[5] In essence, the defendants are alleging that Swivel's asserted patents fail

---

> an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

35 U.S.C. §102.
[3] Section 103(a) states:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

35 U.S.C §103.
[4] Section 112 states:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

35 U.S.C.A. § 112 (West)
[5] Section 132 states:

> Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Director shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined. No amendment shall introduce new matter into the disclosure of the invention.

35 U.S.C. §132.

under §§101, 102, 103, and 112, because they are not "new and useful" as required by §101, are not "novel" as required by §102, are not "non-obvious" as required by §103, and fail to comply with the written requirements of the specification of the patent, as required by §112. Specifically, the plaintiffs do not seek dismissal of the defendants' counterclaim asserted under §132, which prohibits the introduction of new matter into a patent application that has been rejected.

Thus, the plaintiffs seeks to dismiss the defendants' counterclaims to the extent that they are premised on Sections 101, 102, 103, and 112, but not to the extent that they are premised on Section 132.

In its motion to dismiss, the plaintiff argues that the entire alleged support for defendants' amended patent invalidity counterclaim (as to §§101, 102, 103 and 112) is set forth in paragraphs 17-18 and 26 of defendants' Amended Complaint, as follows:

> 17. All claims of the '841 and '778 Patents are invalid because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.
>
> 18. By way of example and without limiting the grounds of invalidity that will be asserted in this action, each claim of the '841 and '778 Patents is invalid in light of the prior art . . .
>
> 26. Upon information and belief, the subject matter claimed in the '841 and 778 Patent has been in public use, sold and/or offered

>    for sale more than one year prior to the priority filing date(s) for the subject patents.

Plaintiff alleges the foregoing allegations are bare of any factual basis. For example, the defendants argue that, "upon information and belief," the subject matter of the two patents is barred by the one-year sale doctrine, but do not assert the basis of the bar, *e.g.*, was it in public use, or was it offered for sale? The plaintiff further argues that defendants also assert that each patent is invalid in light of prior art, without providing any factual basis regarding prior art.

In *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, 2017 WL 1950810, at *1 (E.D. Tex. May 11, 2017), the district court had occasion to review the Report and Recommendation of a magistrate judge, in which the magistrate judge dismissed the defendant's counterclaim for patent invalidity under Rule 12(b)(6). In affirming the decision of the magistrate judge, the district court stated:

>    Defendants' argument misses the mark. To the extent Defendants argue that the factual allegations concerning the prior art for inequitable conduct also support a plausible counterclaim for invalidity, Defendants did not include any allegations regarding such prior art in support of their counterclaims for invalidity. The Court looks to the relevant portion of the pleading asserting a counterclaim for invalidity to determine whether Defendants have alleged sufficient facts to support a plausible claim, not the entire pleading. As the Report correctly stated, Defendants failed to state a plausible counterclaim for invalidity because Defendants "merely list[ ] the statutory provisions without providing any facts supporting [their] counterclaim for invalidity." R&R at 10. Citing as an example for one of the patents-in-suit, the Report noted that Defendants simply state

> "one or more of the claims of the '699 Patent are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 ...." Based on these skeletal allegations, the Report concluded that those counterclaims are "conclusory and unsupported by any factual allegations." Id. Importantly, having asserted invalidity based on a cursory listing of different sections of the patent statute, Defendants made no attempt to explain the relation to or incorporate their inequitable-conduct pleadings to any of the listed statutory defenses. The Court finds no error in the Report's conclusion that Defendants' "invalidity counterclaims do not meet the particularized pleading requirements set forth in Iqbal and Twombly to sufficiently state a claim for relief." Id. Therefore, the Court agrees with the Magistrate Judge that Plaintiff's motion to dismiss Defendants' counterclaims of invalidity should be granted.

*SecurityProfiling*, 20017 WL 1950810 at *1. See also

Here, in their opposition brief, the defendants argue a factual basis only for the <u>non-challenged invalidity counterclaim</u> – that arising under Section 132 ("new matter") – and do not address the substantive arguments set forth by the plaintiff regarding Sections 101, 102, 103, and 112. As the plaintiff correctly argues, a factual allegation regarding invalidity based on Section 132's prohibition on "new matter" does not allow the defendants to then assert that the patents are invalid because they are not "new and useful" (§101), are "not novel" (§102), are not "non-obvious" (§103), and fail to comply with written requirements of the specification of the patent (§112). The defendants' argument that they can properly plead patent invalidity under one section, and then be allowed to assert

9

invalidity under numerous other section without providing a factual basis for pleadings those latter claims, is misplaced. *Iqbal* and *Twombly* require more.

For the foregoing reasons, the plaintiff's motion to dismiss the defendants' claims of patent invalidity under 35 U.S.C. §§101, 102, 103 and 112 is GRANTED, and these claims are dismissed for failure to properly state a claim.

### 2. **LUTPA claims**

Plaintiff seeks dismissal of the defendants' counterclaims alleging violation of the Louisiana Unfair Trade Practices Act on grounds the defendants fail to state a claim, the claims are prescribed, and/or the claims are partially preempted.

In their Amended Counterclaim, the defendants amended their LUTPA counterclaim to allege the following:

30. Counterclaim Plaintiffs developed a unique trolley system to be combined with and attached to a power swivel stand in order to conduct well intervention and plugging and abandonment work.

31. Upon information and belief, on or about June 2016, at least one representative of Swivel Rental entered Counterclaim Plaintiffs' facility unannounced and without a scheduled appointment.

32. Although Counterclaim Plaintiffs were aware that the at least one representative of Swivel Rental entered Counterclaim Plaintiffs' facility, Counterclaim Plaintiffs' management was not present and did not know the scope of the activities that occurred.

33. Some time thereafter, Swivel Rental released and began using in commerce a basket and trolley system bearing striking similarities to Counterclaim Plaintiffs' design.

34. Upon information and belief, Swivel Rental misappropriated Counterclaim Plaintiffs' equipment, proprietary information, and designs in order to incorporate same into Swivel Rental's own designs and equipment, which designs are still being commercialized by Swivel Rental to this day.

35. Through the above-described actions, Swivel Rental has engaged in false, misleading, deceptive, and unethical conduct in engaging in unlawful competition with Counterclaim Plaintiffs, including but not limited to: (a) attempting to overstate and misuse alleged intellectual property rights; and (b) misappropriating Counterclaim Plaintiffs' proprietary information through deception.

36. The conduct of Swivel Rental described above constitutes unfair trade practices pursuant to Louisiana's Unfair Trade Practices and Consumer Protection Law. La. Rev. Stat. § 51:1401 *et seq*., the unfair trade practices continuing to the present day and constituting an ongoing violation of said statute.

As an initial matter, the undersigned concludes the defendants sufficiently state a LUTPA claim. That is, the face of the amended complaint contains enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the defendants' LUTPA claims. Consequently, the plaintiff's motion to dismiss the defendants' LUTPA claims on grounds the defendants fail to state a claim is DENIED.

Furthermore, the undersigned concludes the defendants' LUTPA claims are not prescribed or preempted. La. Rev. Stat. 51:14098 states:

> A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.
>
> [ . . . ]
>
> E. **The action provided by this Section shall be subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to this right of action**.

La. Stat. Ann. §51:1409 (A) & (E) (emphasis added).

In *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 481 (5th Cir. 2002), the Fifth Circuit discussed the historical tension between the Louisiana appellate court and federal district court decisions within this circuit when discussing the issue of whether the continuing violation doctrine applies to the LUTPA peremptive period. After consideration of the issue, the court

12

determined that the continuing violation doctrine applies to the LUTPA peremptive period. *Tubos*, 292 F.3d at 481. The court explained:

> Specifically, American contends that TAMSA denied that it was illegally copying parts; promised that it would abide by its obligations under the 1997 lease; denied, and continues to deny, that it made renovations to existing equipment; copied parts for the 1997 leased UT unit; and never advised American that it intended to purchase, or that it purchased, a new UT unit from a party other than American. **American's allegations that TAMSA violated its obligations under the lease and failed to comply with the duty of good faith are of a continuous nature, and may constitute an unfair trade practice should the factfinder so determine after trial of the case. LUTPA's peremptive period did not begin to run until the lease ended in May of 1999**.

*Id.* at 482 (emphasis added).

Here, the plaintiff argues the alleged conduct underlying the defendants' LUTPA claims – that is, the plaintiff's entry into the defendants' facility unannounced and without a scheduled appointment and the misappropriation of defendants' proprietary information through deception – is alleged to have occurred in 2016, more than a year before the LUTPA counterclaim was originally filed or amended. The defendants respond that the conduct of the plaintiff that violates LUTPA "is continuing to this day and constitut[es] an ongoing violation of said statute," and, therefore, that the LUTPA claims are not prescribed.

Although the defendants allege that the act of gaining access to the defendants' facility occurred in 2016, the defendants further allege that the

13

misappropriation of proprietary information is a violation of the act that continues to this day. After consideration of the arguments of the parties and the applicable law, and considering that the undersigned must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff on a Rule 12(b)(6) motion, the undersigned concludes that the defendant's LUTPA claims are not prescribed or peremption.

Finally, with respect to the issue of preemption, the undersigned notes that the defendants appear to agree that their LUTPA counterclaim is partially preempted, but argues that their entire claim should not be preempted. The plaintiff, however, is not alleging that the entire claim is preempted. A careful reading of the briefs shows that the plaintiff argues the defendants' LUTPA claims are preempted by federal law, but only "to the extent [the claims are] based on [p]laintiff's alleged improper use of patent rights." [Doc. 23-1], and the defendants do not appear to dispute this. Therefore, the defendants' LUTPA counterclaim is subject to dismissal on preemption grounds, but only to the extent that the claims are based on plaintiff's alleged improper use of patent rights.

## CONCLUSION

Considering the foregoing, IT IS RECOMMENDED that the Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 23] filed by plaintiff Swivel

Rental & Supply, LLC ("Swivel Rental") be GRANTED IN PART AND DENIED IN PART, as follows. It is RECOMMENDED that the motion to dismiss the defendants' counterclaims alleging patent invalidity, to the extent that such claims are premised on 35 U.S.C. §§101, 102, 103, and 112, should be GRANTED, and these counterclaims should be DENIED AND DISMISSED WITH PREJUDICE. The defendants' counterclaim alleging patent invalidity under 35 U.S.C. §132 is not dismissed, as the plaintiff has not sought dismissal of this counterclaim.

IT IS FURTHER RECOMMENDED that the motion to dismiss defendants' LUTPA counterclaim be DENIED on grounds the defendants fail to state a claim and on grounds that the LUTPA claims are prescribed/perempted, but be GRANTED on grounds of preemption only to the extent that these counterclaims are based on plaintiff's alleged improper use of patent rights.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      **THUS DONE AND SIGNED** this 15th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE