UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SWIVEL RENTAL & SUPPLY, LLC | CIVIL ACTION NO. 6:18-1141 |
| VERSUS | JUDGE JUNEAU |
| PETRO PULL LLC, ET AL. | MAGISTRATE JUDGE WHITEHURST |

### RULING AND ORDER

Pending before the undersigned is the Motion to Disqualify Counsel [Doc. 148] filed by defendants Petro Pull, LLC, Bacchus Lifting, LLC, Bowls Slips & Grips, LLC d/b/a BS&G Rentals, LLC, Dow Drobish, and Jason Bellard ("collectively, "defendants"). The motion is opposed by the plaintiff, Swivel Rental & Supply, LLC. [Doc. 162], and defendants filed a reply brief [Doc. 174]. For the following reasons, the motion is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

This patent infringement lawsuit was filed by Swivel Rental against defendants for alleged patent infringement of two of Swivel Rental's patents: (1) U.S. Patent No.9,650,841 ("the '841 Patent"), and (2) U.S. Patent No. 9,938,778 ("the '778 Patent"), both relating to a device designed and used by Swivel Rental as a Support Apparatus for Supporting Down Hole Rotary Tools. Both patents pertain to surface equipment that can be used to support a device called a power swivel and

associated downhole rotary tools deployed within oil and gas wells. Generally, the surface assembly at issue can be used to perform rig-less plugging and abandonment ("P&A") operations.

Prior to the initiation of this lawsuit, defendant Petro Pull, plaintiff, and a third party formed a cooperative venture to provide such rig-less P&A services to third party customers. Pursuant to this venture, Petro Pull provided trolley baskets equipped with a horizontally-translatable table having rollers, the plaintiff supplied power swivels and associated supporting swivel stand structures, and the third party supplied downhole cutting tools. Plaintiff's power swivel and supportive structures were mounted on Petro Pull's basket/trolley system, thereby allowing the power swivel and supportive structure to move laterally or horizontally on Petro Pull's translatable table of the trolley system.

After the parties ceased working together, Bacchus Lifting had its own distinctive swivel stand built. The Bacchus Lifting swivel stand can be mounted on Petro Pull's laterally movable table. It is this combination of components – generally, the swivel stand provided by Bacchus Lifting and the underlying trolley system provided by Petro Pull -- that plaintiff contends infringe certain claims of the subject patents.

It is undisputed that from 2015 to 2017, on behalf of Swivel Rental & Supply, LLC, Seth Nehrbass and members and/or associates of the law firm *Garvey, Smith*

*& Nehrbass* prepared and prosecuted the '841 and '778 Patents before the U.S. Patent and Trademark Office. As patent prosecution counsel, Mr. Nehrbass was no doubt privy to certain confidences regarding the prosecution of the '841 and '778 Patents and the strategy for their enforcement, and was in communication with the inventor, Douglas Burns. Doug Burns was deposed on September 17, 2020, and at the time of his deposition, he declined to answer certain questions regarding the patents on grounds that Mr. Nehrbass would be the person to answer those questions. Based on the foregoing, defendants argue that Mr. Nehrbass is a critical fact witness in this matter and indeed may be the only witness who can testify regarding certain important facts. Defendants also argue that it was recently disclosed in discovery that Mr. Nehrbass is currently representing Swivel Rental before the US Patent office in connection with technology that, defendants argue, could be used to compete with defendants. It appears that the instant motion was filed so that defendants can depose Mr. Nehrbass and/or call him as a witness at trial.

Swivel Rental argues that Mr. Nehrbass is not a necessary witness, and any testimony from Mr. Nehrbass regarding the prosecution of the asserted patents is not relevant to the issues before the Court.

## LAW AND ANALYSIS

"The proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *McNeil v. Sullivan*,

2020 WL 7342397, at *1 (M.D. La. Dec. 14, 2020), *citing Jackson v. Adcock*, No. 03-3369, 2004 WL 1661199, at *2 (E.D. La. July 22, 2004) and *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995).  According to the Fifth Circuit Court of Appeals, "disqualification cases are governed by state and national ethical standards adopted by the Court." *Nguyen v. La. State Bd. of Cosmetology¸* No. 14-80, 2014 WL 6801797, at *1 (M.D. La. Dec. 2, 2014), *quoting FDIC*, 50 F.3d at 1311-12.  A motion to disqualify is a substantive motion that affects the rights of parties; analysis of the motion is therefore subject to the standards that have developed under federal precedents.  *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992).  Attorneys practicing before this Court are subject to the Rules of Professional Conduct of the Louisiana State Bar Association, because these are the professional standards that have been adopted by our Local Rules.[1] L.R. 83.2.10.  Nevertheless, as the Fifth Circuit has explained, "*how* these rules are to be applied are questions of federal law."  *In re American Airlines, Inc.*, 972 F.2d at 610 (emphasis added).  Furthermore, the Local Rules and the Rules of Professional Conduct are not the "sole authorit[ies] governing a motion to disqualify." *Id.*, *citing In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).  Courts also

---

[1] See Local Rule 83.2.4, which states:

> This court hereby adopts the Rules of Professional Conduct of the Louisiana State Bar Association, as hereafter may be amended from time to time by the Louisiana Supreme Court, except as otherwise provided by a specific rule of the courts.

consider the ABA's Model Rules of Professional Conduct and the ABA's Model Code of Professional Responsibility.[2] *Parker v. Rowan Companies, Inc.*, 2003 WL 22852218, at *2 (E.D. La. Nov. 25, 2003) (J. Vance), *citing Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).  Additionally, "[a] Court must take into account not only the various ethical precepts adopted by the profession but also the societal interests at stake." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).

The party seeking disqualification bears the burden of proving a conflict. *See United States v. DeCay*, 406 F. Supp. 2d 679, 683–84 (E.D. La. 2005), *citing Babineaux,* 2005 WL 711604, *2; *Parker v. Rowan Companies, Inc.,* 2003 WL 22208569, *8 (E.D.La. Sept.23, 2003); *Cramer v. Sabine Transp. Co.,* 141 F.Supp.2d 727, 730 (S.D.Tex.2001).  Moreover, "[a] disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification ... is a sanction that must not be imposed cavalierly." *F.D.I.C. v. U.S. Fire Ins. Co.,* 50 F.3d 1304, 1316 (5th Cir.1995).

---

[2] The Fifth Circuit has noted that the Louisiana Rules of Professional Conduct are identical to the ABA's Model Rules of Professional Conduct in all relevant aspects.  *See* La. Rev. Stat. tit. 37, ch. 4, art. XVI, cited in *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

According to Rule 3.7 of the Louisiana Rules of Professional Conduct:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
    (1)    the testimony relates to an uncontested issue;
    (2)    the testimony relates to the nature and value of legal services rendered in the case; or
    (3)    disqualification of the lawyer would work substantial hardship on the client.

Here, defendants seek Nehrbass's disqualification as plaintiff's counsel because, according to defendants, Nehrbass is a material witness subject to being deposed and/or testifying at trial. In support of their argument that Nehrbass is a material witness, the defendants argue that when they took the deposition of Douglas Burns, they "believed that Mr. Burns, as member/owner of Swivel and the inventor of the patents sought to be enforced, would have detailed and specific information pertinent to the research, development, design, and engineering of the subject innovations to enable [d]efendants to properly respond to the infringement allegations levied against them." They further argue that they "believed that Mr. Burns would have pertinent and specific information and details pertaining to the prosecution of [p]laintiff's patents such that [d]efendants could distinguish their own innovation and prepare their defense." Despite their beliefs, defendants argue that "Mr. Burns had little to no information; rather, Mr. Burns squarely identified Seth Nehrbass as the witness most knowledgeable and able to provide the information requested." Defendants argue that the information being sought relates to the patent

prosecution, including but not limited to, the discussions between Mr. Nehrbass and the patent examiner that resulted in the patents being granted.

Plaintiff argues that any testimony from Mr. Nehrbass regarding the prosecution of the asserted patents is not relevant to the issues before the Court, because the Court has already construed the meaning of the disputed claim terms in its Claim Construction Order [Doc. 71]. In that Order, this Court noted that "[n]o party sponsored or relied on extrinsic evidence in this case" [Doc. 71, p. 5]. Plaintiff further argues that the defendants have themselves acknowledged that extrinsic evidence was not necessary to determine to the meaning of the claims.[3] Therefore, plaintiff argues that Mr. Nehrbass's purported testimony is not relevant. It is axiomatic that when the intrinsic evidence of a patent record unambiguously describes the scope of the patented invention, reliance on any extrinsic evidence is improper. *Vitronics Corporation v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) ("In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence.").

After a review of the arguments of the parties and the governing jurisprudence, the undersigned finds that to the extent the defendants are seeking to

---

3 *See* defendants' Claim Construction Brief, wherein the defendants argued: "In the present case, the Court need only look at intrinsic evidence to properly construe the claims at issue." (Doc. 57, p. 12).

disqualify Mr. Nehbrass in order that he might testify as to the prosecution of the patents at issue in this litigation, such testimony is untimely given that the claims have already been construed as requested by the parties in this matter, and in any event, any evidence that would be adduced from Mr. Nehrbass would be extrinsic evidence that both sides rejected during the claim construction process. For this reason, the undersigned finds that the sought-after testimony is not contested in the instant matter under Rule 3.7(a)(1), inasmuch as it relates to matters (construction of the claims) that have already been decided by the Court.

The instant motion is also untimely because claim construction discovery ended approximately one year ago, and the current motion was filed eleven months after defendants filed their claim construction brief. Most of the *Markman* briefing in this case was filed in 2019 and the Court held a full claim construction hearing over a year ago. Any testimony regarding claim construction at this point – approximately one month before trial -- would be of dubious value.

The Court is aware of defendant Petro Pull's assertion of the defense of inequitable conduct. In its Answer, Counterclaims, and Affirmative Defenses to the Complaint, Petro Pull asserts as affirmative defense number 12 that some or all of the '841 and '778 Patent claims are unenforceable due to Swivel's inequitable conduct/unclean hands. Additionally, in the first counterclaim cause of action, Petro Pull asserts that the '841 and '778 Patents are invalid for this reason.

Notwithstanding this claim, the undersigned was unable to glean from the record what specific *facts* Petro Pull asserts in support of the claim, which is, in essence, a claim for fraud that must be pled with specificity. *See, e.g., Reaux Med. Indus., LLC v. Stryker Corp.*, 2010 WL 1507656, at *2 (N.D. Tex. Mar. 15, 2010), *report and recommendation adopted*, 2010 WL 1531321 (N.D. Tex. Apr. 14, 2010) *Exergen Corp. v. Wal–Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed.Cir.2009). "The circumstances in Rule 9(b) must be pleaded in detail -- this means identification of the "who, what, when, where, and how" of the material misrepresentation or omission committed before the PTO." *See Exergen,* 575 F.3d at 1327.

Notably, specific facts to support the allegation of inequitable conduct are not contained within the briefing on the instant motion. In their motion, the defendants set forth specific questions that they asked Mr. Burns, which they allege he was unable to answer. Defendants focus on these unanswered questions as support for their need for Mr. Nehrbass to testify as a witness. However, these questions relate to issues of claim construction, not improper conduct and/or fraud in the application process for the patents themselves. As far as the undersigned can tell, none of the questions posed to Mr. Burns addressed any facts related to fraud and/or improper conduct in the presentation of the patent to the Patent Office.

Finally, and perhaps most importantly, the undersigned finds that disqualification of Mr. Nehrbass at this time would result in substantial hardship to

Swivel Rental.  The trial date in this case has already been continued twice because of the COVID-19 pandemic.  Discovery has closed and the trial date is quickly approaching.  While the defendants argue that they did not appreciate the scope of the potential information Mr. Nehrbass might provide and the importance of that information until September/October 2020, Mr. Nehrbass's name was on the face of the patent and the pleadings in this matter from the date the initial complaint was filed.  Therefore, any concerns about Mr. Nehrbass, and whether he could potentially be a material witness in this case, were known to defendants from the beginning of the litigation.  The defendants did not seek to remove Mr. Nehrbass until November 2020 – more than two years after the lawsuit was filed -- and any removal of Mr. Nehrbass and/or his firm from representing Swivel Rental in this matter at this time would impose undue hardship on Swivel Rental, as Mr. Nehrbass and his partner, Fabian Martin Nehrbass, are the only patent attorneys representing Swivel Rental in this litigation.

Therefore, after consideration of the arguments of the parties, and based upon this Court's analysis of the Louisiana Rules of Professional Conduct, the local rules of this Court, the ABA's Model Rules of Professional Conduct, as well as the societal interests at stake, the undersigned concludes that the plaintiff has not carried its burden in this case of showing that Mr. Nehrbass is a material witness at this stage

of the litigation, and further fail to contravene the plaintiff's argument that it would suffer a substantial hardship were the instant motion granted.

For the foregoing reasons, IT IS ORDERED that the Motion to Disqualify Counsel [Doc. 148] filed by defendants Petro Pull, LLC, Bacchus Lifting, LLC, Bowls Slips & Grips, LLC d/b/a BS&G Rentals, LLC, Dow Drobish, and Jason Bellard [Doc. 148] is DENIED.

**THUS DONE AND SIGNED** this 8th day of March, 2021 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE